IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TONY R. WHITE                                                                                          PLAINTIFF

      v.                              Civil No. 14-5138

SHERIFF TIM HELDER, Washington
County, Arkansas; and NURSE RHONDA
BRADLEY                                                                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

The claims that are the subject of this case occurred while Plaintiff was incarcerated in the Washington County Detention Center (WCDC). Plaintiff is now incarcerated in the Tucker Unit of the Arkansas Department of Correction.

Plaintiff contends his constitutional rights were violated in a multitude of ways while he was at the WCDC. Specifically, he alleges the following: Nurse Bradley improperly administrated a shot in his shoulder causing nerve damage; he was forced to sleep on the floor for three weeks; there was no air circulation in the pod; he tested positive for tuberculosis (TB) but a false notation was made on his chart that he had no reaction; the physical environment was unsafe; his sleep was disrupted frequently and he was deprived of sleep; he had no access to personal grooming supplies; the noise level was so high he now has tinnitus; he was housed with prisoners with mental illness; he had no access to legal materials or a law library unless he obtained a court order authorizing such access; he had no recreational activities; prescription medications were dispensed by jailers with no medical training; during lock-out periods up to

-1-

thirty-five inmates shared one commode and two showers; the source of drinking water was unsafe because the water spigot was in close proximity to the commode; use of the kiosk touch screen system to make medical complaints violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA); and items sold at the commissary were not properly labeled and packaged and the pricing was predatory.

Plaintiff has named as Defendants Sheriff Tim Helder and Nurse Rhonda Bradley. As relief, Plaintiff seeks compensatory and punitive damages.

Defendants have filed a motion for judgment on the pleadings (Doc. 18) on a portion of the claims. Defendants concede judgment as a matter of law is not appropriate on the following claims: (1) unsuitable bedding resulting in joint and muscle pain; (2) the noise level causing him to suffer tinnitus in his ears; (3) the claim that Nurse Bradley injured him when she gave him a shot in his shoulder; and (4) the claim that he was denied treatment for tuberculosis. Plaintiff has not responded to the motion.

## I. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. Glover v. Merck & Co., Inc., 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D., 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S.662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

## II.  Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

### (A).  Medical Treatment Claims Against Sheriff Helder

As noted above, Plaintiff brings several denial of medical care claims. Specifically, Plaintiff contends: he was given a shot that resulted in nerve injury; there was a false entry in his medical chart which he contends resulted in the denial of treatment for TB; his rights were

violated by the policy that requires medical approval from the nurse to shave on any occasion other than for court; the distribution of medication by jailers with no medical training resulted in inmates not having needed information, such as side effects and possible drug interactions, prior to taking a prescribed medication; and that the HIPAA is violated by the use of the kiosk system to submit medical requests.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." County of Sacramento v. Lewis, 523 U.S. 833, 851 (1998)(citation omitted). "Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment as applied to the States by the Fourteenth Amendment." Hartsfield v. Colburn, 491 F.3d 394, 396 (8th Cir. 2007). In this circuit it is now settled law that deliberate indifference is the appropriate standard of culpability for all claims that detention center officials have denied inmates, whether in pretrial or convicted status, adequate medical care. See Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)(quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)).

Sheriff Helder argues that he was not personally involved in the Plaintiff's medical care or in treatment decisions. It is true that prison officials cannot be held liable under a respondeat superior theory. See e.g., Lenz v. Wade, 490 F.3d 991, 995 (8th Cir. 2007)(prison officials cannot be held liable under respondeat superior theory; officials must know of and disregard an excessive risk to health and safety); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997)(general responsibility for supervising prison operations is insufficient to establish personal involvement; official who is not involved in medical decisions and has no medical expertise cannot be held liable for medical staff's diagnostic decisions); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)(medical indifference claim must be brought against individual directly responsible for inmate's care). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) (quoting Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006)).

I agree that no plausible claim has been stated against Sheriff Helder in his personal capacity. There are simply no allegations that Sheriff Helder was involved in any treatment decisions.

However, I believe a plausible claim has been asserted against Sheriff Helder in his official capacity. Plaintiff's complaints are not just about medical decisions made with respect to his care. He also challenges certain policies that he maintains violated his constitutional rights including the requirement that the nurse authorize "medical shaves," the method of delivery of medications, and the failure to keep medical information confidential.

AO72A
(Rev. 8/82)

#### **(B). Medical Treatment Claims Against Nurse Bradley**

With the exception of Plaintiff's claims that he was injured by a shot administered by Nurse Bradley and that he was denied treatment for TB, Nurse Bradley contends all other medical treatment claims are subject to dismissal. At this stage of the case, I cannot say that no plausible claim has been stated with respect to the method of delivery used for prescribed medication or the determination of when a "medical shave" was needed. While I have doubts that these claims can survive a well supported summary judgment motion, at this juncture there need only be a plausible claim stated.

#### **(C). Confidentiality of Medical Information**

Defendants maintain there is no private right of action under the HIPAA. I agree. "HIPAA does not create a private right of action." Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010). Defendants are entitled to the dismissal of the HIPAA claim.

However, it has been recognized that a constitutional right to privacy exists as to certain forms of personal information possessed by the state if "an individual has a legitimate expectation . . . that it will remain confidential while in the state's possession." Sheets v. Salt Lake County, 45 F.3d 1383, 1387 (10th Cir. 1995). "The constitutional right to privacy is generally limited to only the most intimate aspects of human affairs." Wade v. Goodwin, 843 F.2d 1150, 1153 (8th Cir. 1988)(citations omitted). The right to privacy has been extended to confidential medical information. See e.g., Doe v. Delie, 257 F.3d 309, 323 (3d Cir. 2001)(confidential medical information regarding HIV status disclosed); Powell v. Schriver, 175 F. 3d 107, 112 (2d Cir. 1999)(gratuitous disclosure of inmate's confidential information violates the Constitution). The right to privacy is balanced against legitimate penological interests. Id.

The gravamen of Plaintiff's claim is that the use of a kiosk system resulted in the dissemination of confidential medical information to non-medical staff. A plausible claim has been stated.

### (D). Law Library

Defendants maintain that the policy requiring inmates to obtain court orders to go to the law library is not unconstitutional. Moreover, they maintain the Plaintiff's claim fails as a matter of law as he has not alleged any actual injury. I agree.

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." In Lewis v. Casey, 518 U.S. 343, 348 (1996), the Court held that "in order to establish a violation of Bounds, an inmate must show . . . actual injury." Id. There is no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351. Rather, an inmate must have had a complaint dismissed for some technical reason he did not know about because of deficiencies in the legal assistance or that he could not file a complaint because "he was so stymied by inadequacies of the law library." Id.

In Cody v. Weber, 256 F. 3d 764 (8th Cir. 2001), the Eighth Circuit noted that the Supreme Court in Lewis and Bounds, "determined that the right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to

-7-

the right to 'discover grievances' or to 'litigate effectively once in court.'" Cody, 256 F. 3d at 767-68 (quoting Lewis, 518 U.S. at 354-55).

In this case, Plaintiff alleges no actual injury. He was able to file his case and it has been served on the Defendants. Therefore, Plaintiff's denial of access to a law library fails to state a claim as a matter of law.

### (E). Commissary

Plaintiff asserts items were sold at the commissary that were not properly labeled or packaged. He also maintains Defendants engaged in predatory pricing.

Defendants point out that the commissary is run by a separate legal entity, Aramark. Further, Defendants contend any claim about the prices charged are subject to dismissal.

Inmates have no protected constitutional interest in access to a commissary, or in purchasing items at the same price as an individual who is not incarcerated, or in ensuring the items are packaged a certain way. See Snow v. Cochran, No. 13-0464, 2014 WL 3427770, *6 (S.D. Ala. July 14, 2014)(no constitutional claim when products sold without original outer packaging label and stating it is not for individual sale); Pagan v. Westchester County, No. 12-cv-7669, 2014 WL 982876, *17 (S.D.N.Y. March 12, 2014)(even if Aramark engages in price gouging, no constitutional claim is stated); Montgomery v. Mancusco, No. 12-2510, 2013 WL 4590436, *3 (W.D. La. Aug. 23, 2013)("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible"); McKnight v. Taylor, No. 12-1684, 2012 WL 5880331, *6 (D.N.J. Nov. 20, 2012)("Prisoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices"); Boyd v.

Nowack, No. 09-7639, 2010 WL 892995, *4 (E.D. La. March 11, 2010)("[A] single commissary operating without competition does not run afoul of the Constitution"). For the reasons stated, Plaintiff's claims with respect to the commissary fail as a matter of law.

### (F).  Conditions of Confinement

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996); see also Hall v. Dalton, 34 F.3d 648, 650 (8th Cir. 1994)("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same"). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities.

To state an Eighth Amendment claim the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise." Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994)(quoting, Wilson v. Sieter, 501 U.S. 294 (1991)).

This standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834 (citations omitted); see also Hudson v. McMillian, 503 U.S. 1 (1992)(The objective component is "contextual and responsive to contemporary standards of decency.")(quotation omitted). To satisfy the subjective component,

-9-

an inmate must show that prison officials had "a sufficiently culpable state of mind." Farmer, 511 U.S. at 834. (citations omitted); see also Brown v. Nix, 33 F.3d 951, 954-55 (8th Cir. 1994).

Defendants contend they are entitled to the dismissal of the following conditions of confinement claims: (1) sleeping on the floor for three weeks; (2) unsafe ventilation system which subjected Plaintiff to airborne pathogens; (3) housing in the incorrect pod as a result of deputy error; (4) sleep interruptions; (5) housed with, or near, inmates with mental health problems; (6) no meaningful recreation; (7) being locked out of his cell for periods of time; and (8) being subjected to a contaminated water source. Defendants maintain Plaintiff has not identified any physical injury he suffered as a result of these conditions of confinement. They concede that Plaintiff has stated plausible claims with respect to the bedding being inadequate and causing him joint and muscle pain and the noise level causing him to suffer tinnitus in the ears.

I believe plausible claims have been stated. Plaintiff need not establish that each single condition was inhumane and may rely on his claim that his "overall conditions" of confinement constituted an Eighth Amendment violation. The Supreme Court has said that "[n]othing so amorphous as overall conditions can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson v. Seiter, 501 U.S. 294, 305 (1991). However, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone, [they do so] only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise--for example, a low cell temperature at night combined with a failure to issue blankets." Id. at 304. The court also considers the length of time the inmate was exposed

to the conditions. <u>Whitnack</u>, 16 F.3d at 957. It certainly is plausible that the overall conditions Plaintiff has identified together deprived him of a single identifiable human need.

### III.  CONCLUSION

For the reasons stated, I recommend that the Defendants' motion for judgment on the pleadings (Doc. 18) be granted in part and denied in part. Specifically, I recommend the motion (Doc. 18) be granted with respect to the individual capacity claims against Sheriff Helder, the HIPAA claim, the access to library claim, and the commissary claim. In all other respects, I recommend that the motion (Doc. 18) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of April 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)