IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TONY R. WHITE                                                               PLAINTIFF

          v.                       Civil No.  14-5138

SHERIFF TIM HELDER, Washington
County, Arkansas; and NURSE RHONDA
BRADLEY                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The Plaintiff proceeds *pro se* and *in forma pauperis.*

When Plaintiff filed this action on May 7, 2014, he was incarcerated in the Washington County Detention Center (WCDC).  Plaintiff was advised (Doc. 3) that he had an obligation to immediately notify the Court of any changes in his address.

On December 16, 2014, mail sent to the Plaintiff at the WCDC was returned as undeliverable.  On January 20, 2015, Court staff determined that the Plaintiff had been transferred to the Arkansas Department of Correction (ADC), Tucker Unit.  A change of address (Doc. 21) was entered on Plaintiff's behalf.  Plaintiff was again reminded of his obligation to keep the Court informed of his current address at all times (Doc. 21).

On May 15, 2015, this case was scheduled for a hearing on the summary judgment motion on July 20, 2015, at 1:30 p.m.  When a member of the Court staff was going to issue a writ to ensure the Plaintiff's presence at the hearing, Court staff learned that Plaintiff was no longer incarcerated and had been paroled.

AO72A
(Rev. 8/82)

On July 1, 2015, a letter was written to the Plaintiff's parole officer asking for the Plaintiff's current address and phone number. On July 8, 2015, Plaintiff's address and phone number were obtained. A change of address was entered on his behalf that day.

A member of Court staff reached the Plaintiff by telephone on July 8, 2015, and verified that he was aware of the date and time of the hearing. Plaintiff indicated he would be attending the hearing.

Plaintiff did not appear in Court for the hearing scheduled for 1:30 p.m. today, July 20, 2015. Defendants' counsel was present. Court staff attempted to call the Plaintiff three times between 1:30 p.m. and 2:19 p.m. and only received a message that the Plaintiff's voice mail box had not been set up. At 2:19 p.m., I went on the record and noted that Plaintiff had failed to appear.

For the reasons stated, I recommend that this action be dismissed with prejudice for failure to appear and failure to obey the orders of the Court. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of July 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)